

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Hon. Arnold Smith
County Attorney
Montgomery County
Conroe, Texas

Dear Mr. Smith:

Opinion No. O-6113
Re: Registration fees on log trucks
where individual or lumber com-
pany uses such trucks solely in
hauling timber or logs from
their own lands to the mill, and
the related questions.

Your letter of June 23, 1944, requesting the opinion of this department reads, in part, as follows:

"...Is a County Tax Assessor-Collector re-
quired under the law to register log trucks with
farm licenses where an individual or lumber com-
pany makes an affidavit before him that the trucks
are to be used solely in hauling timber or logs
from their own lands to the mill?

"This question calls for an interpretation
of Senate Bill 43, Acts 1941, 47th Leg., which
amends Art. 6675a-6a, V. A. C. S."

Your letter of July 13, 1944, presents the follow-ing question for our opinion:

"Is not a man who owns land, and grows timber,
considered to be a farmer under the Farm Registra-
tion Law, just as much as a farmer who raises live-
stock or other farm products?"

Art. 6675a-6a, Vernon's Annotated Civil Statutes, provides:

"When a commercial motor vehicle sought to be
registered and used by the owner thereof only in the
transportation of his own poultry, dairy, livestock,
livestock products, timber in its natural state, and

...MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTA...

Hon. Arnold Smith, page 2

farm products to market, or to other points for sale or processing, or the transportation by the owner thereof of laborers from their place of residence, and materials, tools, equipment and supplies, without charge, from the place of purchase or storage, to his own farm or ranch, exclusively for his own use, or use on such farm or ranch, the registration license fee, for the weight classifications herein mentioned, shall be fifty (50%) per cent of the registration fee prescribed for weight classifications in Section 6 of the Act hereby amended, as amended in this Act; provided further, that it shall be the duty of the Highway Commission to provide license plates distinguishable from license plates used for other commercial motor vehicles using the highways; provided further, if the owner of any commercial motor vehicle, coming within the provisions of this act, shall use or permit to be used any such vehicle for any other purpose than those provided for in this Act, he shall be guilty of a misdemeanor, and upon conviction, shall be fined in any sum of not less than Twenty-five ($25.00) Dollars nor more than Two Hundred ($200.00) Dollars, and each use of such vehicle and each permission for such use of such vehicle shall constitute a separate offense; provided, however, that all commercial motor vehicles, truck tractors, road tractors, trailers and semi-trailers as defined in Section 1 of Chapter 23 of the General Laws of the Fifth Called Session of the 41st Legislature, not coming within the provisions of this Act shall be required to pay all registration and license fees prescribed by other provisions of Chapter 88, General Laws of the 41st Legislature, 2nd C. S. as amended by this Act."

Heretofore, this department has construed the foregoing statute as in opinions numbers O-3317 and O-3780. We enclose copies of these opinions for your convenience.

In view of the foregoing opinions and the above mentioned statute, you are respectfully advised that it is our opinion that your first question as quoted above should be answered in the affirmative and is so answered.

In view of our answer to your first question, it necessarily follows that your second question requires no answer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:rt

Encls.

APPROVED JUL 20, 1944

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN